CV 13-6647

SUMMONS ISSUED

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ NOV 29 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------x

NIVEN DERRELL,

                    Plaintiff

-against-

THE CITY OF NEW YORK, and
POLICE OFFICERS JOHNATHAN CARO and
LOUIS MARINO, of the NEW YORK CITY
POLICE DEPARTMENT

                    Defendant(s),

------------------------------------x

COMPLAINT
AND JURY DEMAND

No. *-cv-*

BRODIE, J.

w2 MANN, M.J.

## PRELIMINARY STATEMENT

1. This is an action for monetary damages (compensatory and punitive) against THE CITY OF NEW YORK, and NEW YORK CITY POLICE OFFICERS JOHNATHAN CARO and LOUIS MARINO of the New York City Police Department (hereinafter referred to as NYPD) arising out of the assault and battery and use of excessive force against plaintiff NIVEN DERRELL.

2. On December 2, 2010, POLICE OFFICERS JOHNATHAN CARO and LOUIS MARINO of the NYPD, and other members of the NYPD, acting under the color of state law, intentionally and willfully subjected plaintiff to, *inter alia*, assault and battery and use of excessive force against the plaintiff. This unconstitutional use of excessive force was in violation of plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

3. The Plaintiff, NEVIN DERRELL, through his attorneys, complaining of the defendants, respectfully alleges:

## JURISDICTION

4. This action is brought under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. §§ 1983, 1985 and 1988 and the Fourth, Fifth, Eighth, Fourteenth and Fifteenth Amendments to the Constitution of the United States. Pendant Jurisdiction, pendant party jurisdiction, and supplementary jurisdiction over plaintiff's state law claims is asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Eastern District of New York in that the claims alleged in the complaint occurred within the boundaries of the Eastern District of New York, particularly Brooklyn, New York.

## PARTIES

7. Plaintiff at all times relevant hereto was a resident of Brooklyn New York.

8. That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing under the laws, statutes and charters of the State of New York.

9. The NYPD was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

10. That at all times hereinafter mentioned, and on information and belief, the defendant POLICE OFFICERS JOHNATHAN CARO and LOUIS MARINO and other members of the NYPD, were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as a police officer employed by the NYPD.

11. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances,

regulations, policies, customs and usages of the City of New York and the State of New York.

12. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendant, THE CITY OF NEW YORK. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

13. That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts under to the doctrine of "respondeat superior."

## NOTICE OF CLAIM

14. Within 90 days of the occurrence of the incident, plaintiffs filed written Notice of Claim with the City of New York. This matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

15. On December 2, 2010, at approximately 1:25 a.m., in front of 1450 Park Place, Brooklyn, New York plaintiff was sitting in the driver's seat of a car that was double parked.

16. When members of the NYPD approached the plaintiff and asked if they could search the car plaintiff told them that they could not.

17. Plaintiff was then ordered out of the vehicle.

18. Once plaintiff was out of the vehicle defendant POLICE OFFICER JOHNATHAN CARO began to search plaintiff's person at which time plaintiff slapped defendant's hand.

19. Defendant POLICE OFFICER JOHNATHAN CARO then handcuffed plaintiff.

20. Plaintiff then tried to run from the police at which time defendant POLICE OFFICERS JOHNATHAN CARO and LOUIS MARINO and other members of the NYPD hit plaintiff on his face and maced him on his face.

21. As a result plaintiff suffered an injury to his face and was taken to Kings County Hospital where he received medical attention, including stitches to his left eye.

22. Plaintiff was arrested and charged with TR 4-08 (Double Parking), Penal Law § 220.03 (Criminal Possession of a Controlled Substance in the Seventh Degree) and Penal Law § 205.30 (Resisting Arrest).

23. In 2011 plaintiff pleaded guilty to Penal Law § 240.20 as a result of this arrest.

## FIRST CLAIM FOR RELIEF
### (EXCESSIVE FORCE)

24. Paragraph 1 through 23 are herein incorporated by reference.

25. Defendants in beating plaintiff about his face and macing him subjected him to excessive force.

26. Defendants deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

27. As a result of the excessive force used against the plaintiff, plaintiff was damaged in the sum of Five Hundred Thousand ($500,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Hundred Thousand($500,000.00) Dollars:

B. Awarding plaintiff punitive damages in the amount of Five Hundred Thousand ($500,000.00) Dollars:

4

C.  Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.  Granting such other and further relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (MUNICIPAL LIABILTY)

28. Paragraphs 1 through 27 are incorporated herein by reference.

29. Defendant CITY OF NEW YORK is liable for the damages suffered by the plaintiff as a result of the conduct of its employees, agents, and servants.

30. Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

31. Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

32. Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

33. Defendant CITY OF NEW YORK has damaged the plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

34. Defendants subjected plaintiff to false arrest and false imprisonment.

35. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Hundred Thousand ($500,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Hundred Thousand ($500,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Hundred Thousand ($500,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### (FOURTH AMENDMENT)

36. Paragraphs 1 through 35 are incorporated herein by reference.

37. Defendant POLICE OFFICERS JOHNATHAN CARO and LOUIS MARINO and other members of the NYPD illegally subjected plaintiff to excessive force and deprivation of liberty without probable cause.

38. That as a result of the foregoing, the plaintiff has been deprived of his following rights, privileges and immunities secured to him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

39. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Hundred Thousand ($500,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Hundred Thousand ($500,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Hundred Thousand ($500,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
### (FOURTEENTH AMENDMENT)

40. Paragraphs 1 through 39 are incorporated herein by reference.

41. Defendants POLICE OFFICERS JOHNATHAN CARO and LOUIS MARINO and other members of the NYPD illegally subjected plaintiff to excessive force and deprivation of liberty without probable cause.

42. That as a result of the foregoing, the plaintiff has been deprived of his following rights, privileges and immunities secured to him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

43. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Hundred Thousand ($500,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Hundred Thousand ($500,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Hundred Thousand ($500,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: New York, New York
November 29, 2013

FINK & KATZ, PLLC.

By: Jonathan A. Fink
One of Plaintiff's Attorneys

**Attorneys for Plaintiff**

Brian L. Bromberg
Jonathan R. Miller
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, New York 10005
Telephone: (212) 248-7906
Fax: (212) 248-7908

Jonathan A. Fink
Fink & Katz, PLLC
40 Exchange Place, Suite 2010
New York, New York 10005
Telephone: (212) 385-1373
Fax: (212) 202-4036